**Fox v. Seigel**

*Daniel W. Shoemaker*, for plaintiffs.
*Joel O. Sechrist*, of *Eveler, Puckett & Trout*, for defendants.

SHADLE, *P. J.*, August 25, 1975—Plaintiffs obtained a judgment by confession for unpaid rent against defendants by virtue of a warrant of attorney contained in a lease for a dwelling. Defendants filed a petition to open the judgment, a rule was granted thereon, depositions were taken, and argument was had before the court.

As grounds for opening the judgment, defendants alleged: (1) that the lease was not signed by the wife-plaintiff nor the wife-defendant, and that (2) the premises were defective for habitation because of an inadequate supply of water from the well, water leaks in the office walls and the roof of the master bedroom, and insufficient heat in the bedroom.

Failure of the spouses of the respective parties to

sign the lease, apparent on the face thereof, might furnish a basis to strike the judgment, which relief defendants have not requested. In any event, failure of the wife-lessor to sign is of no legal significance where defendants occupied the premises for a period and paid rent thereunder, and where no attempt presently is made to enforce the provisions of the lease against her.

Likewise, failure of the wife-lessee to sign the lease does not affect the validity of the lease where, as here, the husband-lessee executed the lease on behalf of both of them and the wife jointly occupied the premises and paid rent thereunder. However, the wife-lessee not having signed the instrument containing the warrant to confess judgment, such confession is invalid as against her. Although she has not moved to strike the judgment, she is entitled to have the judgment opened to present the obvious defense that she did not sign the lease and that the judgment, therefore, cannot be enforced against her.

Of the assigned defects in habitability, defendants submitted argument only in support of their contention that the office walls leaked water and that the master bedroom could not be adequately heated. The depositions indicate that despite these alleged defects, defendants did, in fact, continue to use and occupy the premises from August 1973 to July 1974, which tends to negate any claim of lack of habitability. In any event, defendants have cited to us no viable current authority that there are any implied warranties of habitability on the part of a lessor under a written lease for a dwelling, where, as here, the tenants inspected the premises before executing the lease.

At argument, defendants attempted to assert that

plaintiffs had made certain oral promises prior to execution of the lease regarding repairing and improving the premises which induced defendants to execute the lease, and with which promises plaintiffs failed to comply. Defendants not having assigned any such grounds in their petition to open the judgment, they are not before us. Even if they were, defendants have cited no authority as to how any such prior or contemporaneous oral representations can escape the bar of the parol evidence rule which plaintiffs assert.

Although defendants likewise failed to allege it in their petition to open, they argued, and the depositions show, that there is confusion as to how much rent and other deposits they have paid to plaintiffs and how much remains due on the judgment on the lease. In the interests of justice, this question should be clarified by opening the judgment limited to a consideration of that issue, since an issue of fact clearly is raised. If the parties are unable to agree upon a resolution of this matter, the issue may be tried before a board of arbitrators.

## ORDER

And now, August 25, 1975, the prayer of defendants' petition is granted, the rule issued thereon is made absolute, and the judgment is opened to permit defendants to offer the defenses as to: (a) failure of defendant wife to sign the lease on which judgment was confessed against her, and (b) the amount remaining due from defendants to plaintiffs under the judgment on the lease. In all other respects, defendants' petition is refused and the rule is discharged. Exceptions are noted for both parties.